UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AUTOMATED TRUCKING, LLC,

    Debtor.

_____/

Chapter 11
Case No: 8:25-bk-03886-CPM

AUTOMATED TRUCKING, LLC,

    Plaintiff,

v.

KRISTOPHER LUNSFORD;
AKL & ASSOCIATES, INC.
d/b/a AKL TRANSPORT;
AKL LOGISTICS; and
SOUTHERN TRUCK LEASING,

    Defendants.

_____/

Adv. Case No. 25-

## **COMPLAINT**

Plaintiff, AUTOMATED TRUCKING, LLC ("Debtor"), by and through its undersigned counsel, hereby sues KRISTOPHER LUNSFORD ("Lunsford"), AKL & ASSOCIATES, Inc. d/b/a AKL TRANSPORT, LLC ("AKL Transport"); AKL LOGISTICS ("AKL Logistics") and SOUTHERN TRUCK LEASING ("Southern Truck") (collectively, the "Defendants") and states:

1. The Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on June 10, 2025.

2. The Debtor is a service-based business providing trucking related services concerning client owned freight trucks. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating as a Debtor-in-Possession and is managing its assets.

## JURISDICTION AND VENUE

3. This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001(1) and (2), seeking legal and equitable relief.

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. Plaintiff is a debtor in possession in a pending Chapter 11 case filed in this District, Case No. 8:25-bk-03886-CPM.

## PARTIES

7. Plaintiff is a Florida limited liability company with its principal place of business in Lakeland, Florida.

8. Defendant Kristopher Lunsford is an individual residing in the State of Georgia and the principal and controlling owner of the business entities named herein.

9. Defendant AKL & Associates, Inc. d/b/a AKL Transport is a Georgia corporation engaged in freight and logistics services.

10. Defendant AKL Logistics is believed to be an affiliated Georgia entity controlled by Lunsford and involved in the business dealings alleged herein.

11. Defendant Southern Truck Leasing is another affiliated Georgia entity through which Mr. Lunsford conducted business relevant to this complaint.

## GENERAL ALLEGATIONS

12. Plaintiff was formed in January 2024 as a front-end service provider in a trucking venture operated through a White Label Agreement with Defendants.

13. As part of the business venture, Defendants handled backend logistics, fleet operations, and financial transactions, while Plaintiff managed marketing, onboarding, and client services.

14. Plaintiff and Defendants entered into a White Label Agreement on February 6, 2024, which governed their business relationship. A copy of the White Label Agreement is attached hereto as **Exhibit "A"** and by reference incorporated herein.

15. Between February and April 2025, Plaintiff advanced over $6,561,550.00 to or for the benefit of Defendants to cover client disbursements and truck-related expenses with the understanding these funds would be reimbursed or credited against future obligations.

16. Defendants repeatedly represented that business operations were stable, that reimbursements were forthcoming, and that delays were temporary banking issues.

17. Upon information and belief, these representations were false. As of April 2025, Defendants ceased all communications with Plaintiff and failed to account for or return the advanced funds.

## COUNT I — BREACH OF CONTRACT

18. Plaintiff re-alleges Paragraphs 1–15.

19. Plaintiff and Defendants entered into one or more binding agreements, including but not limited to the White Label Agreement and related business arrangements. For instance, the following other documents form the basis for the breach of contract claim in this count:

    a. Lease Agreement attached hereto as Exhibit B and by reference incorporated herein.

    b. Maintenance Agreement attached hereto as Exhibit C and by reference incorporated herein.

c. Transportation Agreement attached here to as Exhibit D and by reference incorporated herein.

d. GPS Agreement – Disclosure of GPS Tracking Device attached hereto as Exhibit E and by reference incorporated here.

20. Plaintiff fully fulfilled its obligations under the agreements.

21. Defendants breached the agreements by:

a. Failing to reimburse Plaintiff for client payouts made on their behalf;

b. Failing to perform backend operations consistent with the agreed model;

c. Violating exclusivity provisions by onboarding clients through third parties.

22. Plaintiff has been damaged in excess of $6,561,550.00 as a direct result of the breaches.

WHEREFORE, Plaintiff demands judgment for damages, costs, interest, and other legal and equitable relief.

## COUNT II — UNJUST ENRICHMENT

23. Plaintiff re-alleges Paragraphs 1–15.

24. As an alternative relief to the breach of contract claim, Defendants were unjustly enriched to the detriment of Plaintiff. Plaintiff conferred a substantial benefit on Defendants by paying millions of dollars in client disbursements and supporting backend operations based on the representations of Defendants and their promise to repay all amounts paid.

25. Defendants knowingly accepted and retained the benefit without compensating Plaintiff.

26. It would be inequitable for Defendants to retain the benefit without payment.

WHEREFORE, Plaintiff demands judgment for restitution in the amount of at least $6,561,550.00, plus interest and costs.

## COUNT III — FRAUD

27. Plaintiff re-alleges Paragraphs 1–15.

28. Defendants made material misrepresentations concerning:

    a. The existence of a functioning backend trucking operation;

    b. The ability and intent to reimburse Plaintiff for advanced funds;

    c. The status of banking operations and account access;

    d. The expansion and onboarding capacity of Defendants' business.

29. These statements were false, known to be false when made, and intended to induce Plaintiff to continue operations and payments.

30. Plaintiff reasonably relied on the misrepresentations and was damaged thereby.

WHEREFORE, Plaintiff seeks damages, punitive damages, attorneys' fees, and such other relief as the Court deems just.

## COUNT IV — ACCOUNTING

31. Plaintiff re-alleges Paragraphs 1–15.

32. A fiduciary or confidential relationship existed due to the nature of the joint operations and handling of substantial funds by Defendants.

33. Plaintiff lacks sufficient records to determine the full extent of funds advanced and received, due to Defendants' failure to provide accountings.

34. Equity requires an accounting to determine the amounts owed to Plaintiff.

WHEREFORE, Plaintiff seeks a full and detailed accounting from all Defendants of:

    a. Funds received from Plaintiff;

  b.  Truck-related disbursements and operations;

  c.  Client disbursements paid or missed;

  d.  All funds improperly retained.

Respectfully submitted this 12th day of August, 2025.

          JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP

         <u>/s/ Alberto F. Gomez, Jr.</u>
         Alberto F. Gomez, Jr. (FBN 784486)
         400 N. Ashley Drive, Ste. 3100
         Tampa, FL 33602
         Tel: (813) 225-2500
         Email: al@jpfirm.com
            spratico@jpfirm.com
         Attorneys for Plaintiff