UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE:<br><br>AUTOMATED TRUCKING, LLC,<br><br>      Debtor. | CHAPTER 11<br><br>CASE NO. 8:25-bk-03886-CPM |
| AUTOMATED TRUCKING, LLC,<br><br>      Plaintiff,<br>v.<br><br>KRISTOPHER LUNSFORD; AKL & ASSOCIATES, INC. d/b/a AKL TRANSPORT; AKL LOGISTICS; and SOUTHERN TRUCK LEASING<br><br>      Defendants. | ADVERSARY PROCEEDING NO.<br><br>CASE NO. 8:25-ap-00290-CPM |

**AMENDED[1] MOTION TO DISMISS AND INCORPORATED BRIEF IN
SUPPORT BY DEFENDANTS KRISTOPHER LUNSFORD,
AKL & ASSOCIATES, INC., AND SOUTHERN TRUCK LEASING**

---

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 801 N. Florida Ave., Suite 555, Tampa, Florida 33602 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

[1] Amended to comply with local formatting requirements and Rule 7001-1(k)(3).

# TABLE OF CONTENTS

RELEVANT BACKGROUND ................................................................................................ 1

ARGUMENT ..................................................................................................................... 3

    I. Plaintiff's Contract Claim Fails to State a Claim for Relief (Count I)............................. 3

        A.      The Alleged Agreements Are Insufficiently Definite................................. 4

        B.      Plaintiff Fails To Allege A Breach Of Contract. ........................................ 5

        C.      Plaintiff Fails To State A Claim For Breach Of Contracts To Which Plaintiff Is Not A Party. ............................................................................ 6

    II.     Plaintiff's Unjust Enrichment Claim Fails to State a Claim for Relief (Count II). ......................................................................................................................... 7

    III.    Plaintiff's Fraud Claim Fails to State a Claim for Relief (Count III). .................... 8

    IV.    Plaintiff's Accounting Claim Fails to State a Claim for Relief (Count IV)............ 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Advisor's Cap. Invs., Inc. v. Cumberland Cas. & Sur. Co.*,
 No. 805CV40423MAP,
 2005 WL 3445543 (M.D. Fla. Dec. 15, 2005) ................................................................ 7

*Alhassid v. Bank of Am., N.A.*,
 60 F. Supp. 3d 1302 (S.D. Fla. 2014) ............................................................................. 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................. 3, 9, 10

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ..................................................................................................... 3, 6

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
 238 F. Supp. 3d 1359 (S.D. Fla. 2017) ........................................................................... 6

*Corbin v. Prummell*,
 655 F. Supp. 3d 1143 (M.D. Fla. 2023) ......................................................................... 3

*Est. of Bass v. Regions Bank, Inc.*,
 947 F.3d 1352 (11th Cir. 2020) ..................................................................................... 6

*Francois v. Hatami*,
 565 F. Supp. 3d 1259 (S.D. Fla. 2021) ........................................................................... 9

*Gentry v. Harborage Cottages–Stuart, LLLP*,
 No. 08-14020-CIV,
 2008 WL 1803637 (S.D. Fla. Apr. 21, 2008) ................................................................ 6

*George v. Wells Fargo Bank, N.A.*,
 No. 13–80776–CIV,
 2014 WL 61487 (S.D. Fla. Jan. 8, 2014) ....................................................................... 6

*Ghee v. Comcast Cable Commc'ns, LLC*,
 No. 22-12867,
 2023 WL 3813503 (11th Cir. June 5, 2023) .................................................................. 3

*GlobalOptions Services, Inc. v. N. Am. Training Group, Inc.*,
 131 F. Supp. 3d 1291 (M.D. Fla. 2015) ....................................................................... 10

*Griffin Indus., Inc. v. Irvin*,
 496 F.3d 1189 (11th Cir. 2007) ..................................................................................... 5

*In re Land Res., LLC*,
   No. 6:08-BK-10159-ABB,
   2011 WL 8193749 (Bankr. M.D. Fla. Nov. 30, 2011) ....................................................... 10, 11

*James River Ins. Co. v. Ground Down Eng'g, Inc.*,
   540 F.3d 1270 (11th Cir. 2008) ............................................................................................... 3

*Joseph v. Bernstein*,
   612 Fed. App'x 551 (11th Cir. 201 ........................................................................................ 4

*Kaye v. Ingenio, Filiale De Loto–Quebec, Inc.*,
   No. 13–61687–CIV,
   2014 WL 2215770 (S.D. Fla. May 29, 2014) .......................................................................... 8

*Managed Care Sols., Inc. v. Essent Healthcare, Inc.*,
   694 F. Supp. 2d 1275 (S.D. Fla. 2010) .................................................................................. 10

*Marrache v. Bacardi U.S.A., Inc.*,
   17 F.4th 1084 (11th Cir. 2021) ............................................................................................ 7, 8

*Myers v. 3073 Horseshoe Drive, LLC*,
   No. 2:23-CV-95-JES-NPM,
   2023 WL 12022858 (M.D. Fla. Apr. 17, 2023) ................................................................... 4, 6

*Queen Virgin Remy Ltd. Co. v. Thomason*,
   2015 WL 11439064 (N.D. Ga. Dec. 7, 2015) ...................................................................... 4, 6

*Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*,
   349 F. Supp. 3d 1316 (S.D. Fla. 2018) .................................................................................... 7

*Sun Life Assurance Co. of Canada v. Imperial Holdings Inc.*,
   No. 13-80385-CIV, 2016 WL 10565034 (S.D. Fla. Sept. 22, 2016) ........................................ 8

*White v. Americas Servicing Co.*,
   461 Fed. App'x 841 (11th Cir. 2012) .............................................................................. 1, 5, 9

*Whitney Nat. Bank v. SDC Communities, Inc.*,
   No. 8:09–cv–01788–EAK–TBM,
   2010 WL 1270264 (M.D. Fla. Apr. 1, 2010) ........................................................................... 6

**Rules**

Federal Rule of Bankruptcy Procedure 7009 ................................................................................ 9

Federal Rule of Bankruptcy Procedure 7012(b) ........................................................................... 3

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 3, 11

Federal Ruleof Civil Procedure 9(b) ........................................................................................ 9

Where, as here, the well-pleaded factual allegations in a complaint fail to state plausible claims for relief, dismissal must follow. Because Plaintiff's shotgun complaint runs afoul of the pleading standard by failing to distinguish between the Defendants and by formulaically reciting the elements of Plaintiff's purported claims, Defendants respectfully request that it be dismissed.

## RELEVANT BACKGROUND

As alleged, Plaintiff was formed in January of 2024 and entered into a "White Label Agreement" on February 6, 2024 with all four named Defendants. (*See* Compl. ¶¶ 12, 14.) That Agreement, attached to Plaintiff's pleading, is between only two parties: (1) Plaintiff and (2) AKL Transport LLC ("AKL"). (*See* ECF 1-1.) The agreement purports to obligate AKL, as "Service Provider," to provide six discrete categories of services: (1) route optimization; (2) load management; (3) real-time tracking; (4) document management; (5) fleet management; and (6) license and compliance management. (*See* ECF 1-1 at 1, 2.) In exchange, Plaintiff was to pay AKL $25,000 "upfront" for each unit or service provided. (*See id*. at 2 ¶ 4.)

Even though the White Label Agreement nowhere mentions "clients" of either contracting party and fails to impose upon any Defendant an obligation to pay "clients" or anyone else, Plaintiff alleges that, in the three months between February and April of 2025, Plaintiff advanced over $6,561,550.00 "to or for the benefit of Defendants to cover client disbursements and truck-related expenses with the understanding these funds would be reimbursed or credited against future obligations." (*See* Compl. ¶ 15.) "Upon information and belief," Plaintiff claims that Defendants falsely represented that business operations were stable, that reimbursements were forthcoming, and that delays were temporary banking issues. (*See id*. ¶¶ 16-17.) Plaintiff further alleges that Defendants failed to account for or return the allegedly advanced funds. (*See id*. ¶ 17.)

Based on the foregoing, Plaintiff asserts four counts: breach of contract; unjust enrichment; fraud; and accounting. In support of its contract claim, Plaintiff alleges generally that Plaintiff and

1

Defendants "entered into one or more binding agreements, including but not limited to the White Label Agreement." (Compl. ¶ 19.) Plaintiff specifically identifies four purported contracts other than the White Label Agreement that form the basis for its breach of contract claim: (1) a lease between 1K Motorsports and Southern Truck Leasing LLC ("STL") dated November 21, 2023, (*see* ECF 1-2); (2) a maintenance agreement between 1K Motorsports and STL dated November 27, 2023; (3) a transport agreement between 1K Motorsports and AKL dated November 27, 2023; and (4) a GPS agreement dated November 26, 2023 that is an addendum to the lease between 1K Motorsports and STL. (ECF 1-2—1-5.) Notably, these contracts all pre-date Plaintiff's formation in January of 2024, (*compare* Compl. ¶ 12, *with* ECF 1-2—1-5), and Plaintiff is not a party to any of them, (*see id.*). Plaintiff nonetheless alleges in a conclusory fashion that it "fulfilled its obligations under the agreements," (*see* Compl. ¶ 20), whatever those might have been (if any), and says that Defendants breached the agreements by (1) failing to reimburse Plaintiff for payouts to unspecified "clients"; (2) failing to perform unidentified backend operations consistent with an "agreed model"; and (3) violating exclusivity provisions, (*see id.* ¶ 21).

In support of its unjust enrichment claim, Plaintiff alleges that it "conferred a substantial benefit on Defendants by paying millions of dollars in client disbursements and supporting backend operations." (*See* Compl. ¶ 24.) As for fraud, Plaintiff claims that "Defendants" made unspecified material misrepresentations regarding (1) the existence of a functioning backend trucking operation, (2) the ability and intent to reimburse Plaintiff for funds allegedly advanced either to some Defendant or, perhaps, some "client," (3) the status of banking account access, and (4) the expansion and onboarding capacity of Defendants' businesses. (*See id.* ¶ 28.)

Finally, as putative support for an accounting, Plaintiff declares a fiduciary or confidential relationship between Plaintiff and each Defendant "due to the nature of the joint operations and

2

handling of substantial funds by Defendants." (*See* Compl. ¶ 32.) Meanwhile, despite alleging that, in the three months between February and April of 2025, Plaintiff advanced over $6,561,550.00 "to or for the benefit of Defendants," (*see id*. ¶ 15), Plaintiff claims to "lack[] sufficient records to determine the full extent of funds advanced and received." (*See id*. ¶ 33.) Plaintiff demands an accounting of (1) funds received from Plaintiff, (2) truck-related disbursements and operations, (3) "client" disbursements paid or missed, and (4) funds improperly retained. (*See id*. at 5-6.)

## ARGUMENT

When the allegations in a complaint fail on their face to state a claim for relief, such purported claim should be dismissed. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). Surviving this test "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) internal citation and brackets omitted)); *see also James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008). Courts need not accept "legal conclusions masked in a veneer of facts." *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (citations omitted). "Stated a different way, after ignoring conclusory allegations, the court assumes any remaining factual allegations are true and determines whether those factual allegations plausibly give rise to an entitlement to relief." *See Corbin v. Prummell*, 655 F. Supp. 3d 1143, 1153 (M.D. Fla. 2023). Plaintiff's purported claims all fail this test.

### I. Plaintiff's Contract Claim Fails to State a Claim for Relief (Count I).

Plaintiff's breach of contract claim fails for at least three independent reasons. *First*, Plaintiff fails to allege that the parties entered into a sufficiently definite agreement; *second*, even if Plaintiff alleged an enforceable contract (or contracts), it fails to sufficiently allege how any

3

Defendant breached that contract or all of them; and *third*, Plaintiff is not party to and lacks any right to enforce most of the contracts upon which it professes to rely.

        A.        **The Alleged Agreements Are Insufficiently Definite.**

To withstand dismissal, a plaintiff alleging a breach of contract must plead facts showing the parties reached a sufficiently definite contract. *See, e.g.*, *Myers v. 3073 Horseshoe Drive, LLC*, No. 2:23-CV-95-JES-NPM, 2023 WL 12022858, at *3 (M.D. Fla. Apr. 17, 2023) (granting motion to dismiss where "Plaintiff does not allege any details of the contract and whether it is valid"); *see also Queen Virgin Remy Ltd. Co. v. Thomason*, 2015 WL 11439064, at *4 (N.D. Ga. Dec. 7, 2015) (granting motion to dismiss because the alleged agreement did not address "the scope and duration," or "what specific duties and obligations each partner had"). Nonetheless, Plaintiff cannot even consistently allege how many contracts it seeks to enforce and whether the contract(s) were written, oral, or both. Instead, Plaintiff equivocally alleges breaches by Defendants of "one or more binding agreements," (Compl. ¶ 19), but not only has Plaintiff failed to allege sufficiently what contract or contracts it seeks to enforce, it has not even pleaded *which parties* have obligations under the supposed contract(s) or what those alleged obligations were. Instead, even though "indiscriminate[]" group pleading "fails to comply with the minimum standard of Rule 8," *see Joseph v. Bernstein*, 612 Fed. App'x 551, 555 (11th Cir. 2015), the Complaint seeks relief for breach of contract against all Defendants, without distinction, for their (1) alleged failure to reimburse Plaintiff for payments purportedly made to unidentified non-party "clients," (2) failure in some unknown way to operate consistent with an undefined "agreed model," and (3) violation of some unknown "exclusivity provisions" that the Complaint nowhere alleges facts showing a breach. (*See* Compl. ¶¶ 15, 21.) Against these bald allegations, Plaintiff identifies only one contract to which it is even a party, and the only counter-party to that contract is AKL. (*See* ECF 1-1.) Moreover, that contract (the so-called "White Label Agreement") provides that the only payment

obligation running between any of the parties is a one-time, "upfront" payment *from* Plaintiff *to* AKL. (*See* ECF 1-1 ¶ 4.) The Agreement fails to impose any obligation on Plaintiff to make payments to "clients" for Defendants' benefit, imposes no obligation on AKL to reimburse Plaintiff for same, and says nothing about any other Defendant, none of whom are mentioned in or signatories to that agreement. (*See id*.) [2]

Nor does the Complaint sufficiently allege that Plaintiff has performed whatever its obligations were under the contract or contracts alleged—or even identify *what those obligations were*. Instead, Plaintiff generically alleges that it "fulfilled its obligations" under some unspecified agreements. (Compl. ¶ 20.) At bottom, Defendants (and this Court) are unable to determine what contracts Plaintiff seeks to enforce or against whom or what Plaintiff did or was obligated to do pursuant to any of them. These deficiencies are fatal to Plaintiff's contract claim.

Moreover, while Plaintiff claims that Defendants collectively had some purported agreement or agreements to reimburse Plaintiff for client payouts allegedly made on Defendants' behalf, this alleged obligation is insufficiently definite because it does not identify the terms of any supposed agreement between the parties or even say whose clients Plaintiff allegedly paid. Nor does it address the "scope and duration" of this alleged agreement, much less the "specific duties and obligations" each party had. *See, e.g., Queen Virgin*, 2015 WL 11439064, at *4. As a result, dismissal of this claim must follow. *See, e.g.*, *Myers*, 2023 WL 12022858, at *3.

### B. Plaintiff Fails To Allege A Breach Of Contract.

"A breach of contract claim must be dismissed 'where it is unclear what provision or obligation under the contract has been violated.'" *Brush v. Miami Beach Healthcare Grp. Ltd.*,

---

[2] Because no other alleged contract between Plaintiff and any Defendant is identified in the Complaint, this Court is constrained to limit its analysis to the contracts that Plaintiff attaches as exhibits to its pleading. *See, e.g., Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern").

238 F. Supp. 3d 1359, 1366–67 (S.D. Fla. 2017). Here, Plaintiff's contract-based claim also fails because Plaintiff "only 'generally asserted' a breach of contract, without identifying 'any provisions or any specific agreements that were breached.'" *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020). Without this information, the claim cannot survive dismissal because Defendants do not have a fair opportunity to challenge the purported breach. *See, e.g.*, *George v. Wells Fargo Bank, N.A.,* No. 13–80776–CIV, 2014 WL 61487 (S.D. Fla. Jan. 8, 2014) ("The Amended Complaint does not identify which provision of the [contract] has been breached and therefore runs afoul of *Twombly.*"); *Whitney Nat. Bank v. SDC Communities, Inc.,* No. 8:09–cv–01788–EAK–TBM, 2010 WL 1270264 (M.D. Fla. Apr. 1, 2010) (dismissing breach of contract claim where plaintiff failed "to allege the specific provision of the contract allegedly breached"); *Gentry v. Harborage Cottages–Stuart, LLLP,* No. 08-14020-CIV, 2008 WL 1803637, at *4 (S.D. Fla. Apr. 21, 2008) ("Where the facts pleaded are insufficient to determine which of the provisions may have been breached, the claim cannot survive a motion to dismiss."). Further, as a result of Plaintiff's failure to identify the contractual provisions that each Defendant allegedly breached, Plaintiff necessarily fails to allege facts showing any plausible breach. This is independently fatal. *See, e.g.*, *Myers*, 2023 WL 12022858, at *3 (granting motion to dismiss where "plaintiff does not provide any facts regarding how defendant breached the alleged contract").

    **C.**    **Plaintiff Fails To State A Claim For Breach Of Contracts To Which Plaintiff Is Not A Party.**

Finally, to pursue a breach of contract claim, the plaintiff must of course be party to the contract it seeks to enforce. Nonetheless, Plaintiff seeks to enforce against all Defendants purported claims for breach of contracts that pre-date Plaintiff's formation and to which Plaintiff is not a party. (*See* ECF 1-2—1-5.) Even assuming that Plaintiff sufficiently alleged a breach of any of those contracts, which Plaintiff has not done, *see supra* § I.B., Plaintiff fails to show how

or why it has any rights under these contracts or standing or authorization to enforce them. (*See* ECF 1-2—1-5.) These pleading failures prevent Plaintiff's claim from surviving dismissal. *See, e.g.*, *Silver Crown Invs., LLC v. Team Real Est. Mgmt., LLC*, 349 F. Supp. 3d 1316, 1325 (S.D. Fla. 2018) (granting motion to dismiss where "Plaintiffs allege *no facts* that could support a plausible finding that the individual Defendants had a valid contract with Plaintiffs."); *Advisor's Cap. Invs., Inc. v. Cumberland Cas. & Sur. Co.*, No. 805CV40423MAP, 2005 WL 3445543, at *1 (M.D. Fla. Dec. 15, 2005) (granting motion to dismiss where party to the suit "was not a party to the contract allegedly breached").

**II.      Plaintiff's Unjust Enrichment Claim Fails to State a Claim for Relief (Count II).**

A "claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1101 (11th Cir. 2021) (internal punctuation and citation omitted). This means that, "[u]nder Florida law, to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant." *Id*. (punctuation and citation omitted). The complaint here fails to allege sufficiently any such conferral of benefit by Plaintiff to any of the Defendants, much less to each of them.

As shown above, Plaintiff alleges only that it allegedly paid sums of money "to <u>or</u> for the benefit of Defendants." (*See* Compl. ¶ 15 (emphasis added).) But Plaintiff does not allege, and the contracts Plaintiff attaches do not show, an obligation on the part of any Defendant to make payments to any "client." (*See generally* Compl.) Plaintiff therefore has not plausibly alleged that such payments conferred a benefit on any Defendant. Further, Plaintiff fails to allege any facts about the identities of the "clients" to whom payments were allegedly made, whose clients they may be, the amounts paid, or how or why these alleged payments benefitted any or all Defendants.

7

Moreover, by equivocally pleading in the alternative that these supposed payments were made "to <u>or</u> for the benefit of Defendants," (*see* Compl. ¶ 15), Plaintiff has failed to allege that any Defendant, much less a particular Defendant, "voluntarily accepted and retained that benefit." *See Marrache*, 17 F.4th at 1101.

### III. Plaintiff's Fraud Claim Fails to State a Claim for Relief (Count III).

The Court should dismiss Plaintiff's fraud claim (Count III) for two independent reasons. *First*, Plaintiff merely dresses up its breach-of-contract claim as a fraud claim by relying on the same underlying allegations while asserting, in a conclusory fashion, that Defendants, as a group, committed fraud. But "[i]t is well-settled that a plaintiff may not 'recast causes of action that are otherwise breach-of-contract claims as tort claims.'" *See Sun Life Assurance Co. of Canada v. Imperial Holdings Inc.*, No. 13-80385-CIV, 2016 WL 10565034, at *5 (S.D. Fla. Sept. 22, 2016) (quoting *Kaye v. Ingenio, Filiale De Loto–Quebec, Inc.*, No. 13–61687–CIV, 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014)). "An alleged fraud is not separate from the performance of the contract [if] the misrepresentations forming the basis for the fraud also form the basis for the breach of contract claim." *See Sun Life Assurance Co.,* 2016 WL 10565034, at *5. And where, as here, a plaintiff asserting a fraud claim has "not pleaded any breach or injury separate and apart from [its] breach of contract claim[]," the fraud claim "cannot survive." *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1318 (S.D. Fla. 2014). For this reason alone, Plaintiff's fraud claim fails.

*Second*, Plaintiff has not adequately pleaded a fraud claim. A plaintiff pleading fraud is subject to Rule 9(b)'s heightened pleading requirement and must *at least* allege (1) "the precise statements . . . or misrepresentations made," (2) "the time, place, and person responsible for the statement," (3) "the content and manner in which these statements misled the" the plaintiff, and (4) "what the defendants gained by the alleged fraud." *White v. Americas Servicing Co.*, 461 Fed. App'x 841, 843 (11th Cir. 2012); *see also* Fed. R. Bankr. P. 7009; *Francois v. Hatami*, 565 F. Supp.

3d 1259, 1265 (S.D. Fla. 2021) (same). Plaintiff alleges *none* of these things. It does not identify any misrepresentation, let alone the "time, place, and person responsible for the statement." Plaintiff also fails to plead facts to show how it relied on any alleged misrepresentation (or how it was otherwise misled), that any such reliance was reasonable, or how any misrepresentation led to damages. Instead, Plaintiff puts forward conclusory allegations that Defendants, collectively, made some unspecified "material misrepresentations" regarding (1) backend trucking operations, (2) reimbursement of amounts allegedly advanced by Plaintiff, (3) bank account access, and (4) the onboarding capacity of Defendants' business. (*See* Compl. ¶ 28.) Plaintiff punctuates this with "a formulaic recitation of the elements of a cause of action" by alleging that whatever Defendants might have said was false and that Plaintiff was damaged because it reasonably relied to its detriment on those supposed—but unidentified—statements. (*See id*. ¶¶ 29-30). These conclusory allegations are patently insufficient under the governing pleading standard. *See Iqbal*, 556 U.S. at 678-79. Dismissal is therefore compelled.

### IV. Plaintiff's Accounting Claim Fails to State a Claim for Relief (Count IV).

Plaintiff's claim for equitable accounting is subject to dismissal for two reasons. *First*, an accounting is impermissible where, as here, there are no viable substantive claims. After all, if a plaintiff fails to show an entitlement to any remedy, it cannot show inadequacy of any legal remedy. So, the failure of Plaintiff's other claims means that its "equitable accounting" claim necessarily fails. *See GlobalOptions Services, Inc. v. N. Am. Training Group, Inc.*, 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015) ("[I]t is well-established that injunctive relief is not a proper claim for relief in and of itself, but rather a remedy that is available upon a finding of liability on a claim.").

*Second*, even if any of Plaintiff's substantive claims could survive dismissal, which they cannot, Plaintiff has not sufficiently pled an entitlement to the remedy of an accounting. "In order to obtain an equitable accounting, . . . Plaintiff must show: (1) the existence of a fiduciary duty or

that the transactions at issue are complex; and (2) that there is no adequate remedy at law. *See In re Land Res., LLC*, No. 6:08-BK-10159-ABB, 2011 WL 8193749, at *5 (Bankr. M.D. Fla. Nov. 30, 2011). Plaintiff shows neither. Instead, while Plaintiff claims that fiduciary duties ran between the parties, Plaintiff does no more than to declare as much despite the pleading standard announced by the Supreme Court in *Iqbal/Twombly*. (*See* Compl. ¶ 32.) Such conclusory allegations are not enough. *See Iqbal*, 556 U.S. at 678-79. Moreover, Plaintiff's accounting claim is implausible. Plaintiff seeks to recover $6,561,550.00 that *Plaintiff* allegedly paid "to or on behalf of Defendants." (Compl. ¶ 15.) Nonetheless, Plaintiff inconsistently claims that an accounting is warranted because "Plaintiff lacks sufficient records to determine the full extent of funds advanced and received." (*See id*. ¶ 33.) But to determine the amount that *Plaintiff* allegedly advanced, Plaintiff would need to look no farther than its own account records.

Furthermore, a claim for equitable accounting should be dismissed where the evidentiary facts alleged in a complaint show neither complexity nor inadequacy of a legal remedy." *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1280 (S.D. Fla. 2010). Such is the case here. And in circumstances where "what Plaintiff seeks by way of an accounting appears to be available through regular discovery channels," the "extraordinary" remedy of an accounting is unavailable. *See In re Land Res., LLC*, 2011 WL 8193749, at *5. This is such a circumstance.

## CONCLUSION

Pursuant to Rule 12(b)(6), dismissal is mandated. Plaintiff's Complaint fails to plausibly allege any viable claims.

This 4th day of September, 2025.

Respectfully submitted,

*/s/Courtney M. King*
Courtney M. King
Florida Bar No. 0069389
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of **Defendants' Amended Motion and Incorporated Brief in Support of Their Motion to Dismiss** was filed with the Clerk of Court using the CM/ECF system on September 4, 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing:

Albert F. Gomez, Jr., Esq., JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP, 400 N. Ashley Drive, Suite 3100, Tampa, FL; al@jpfirm.com; spratico@jpfirm.com (*Attorney for Plaintiff*)

*/s/Courtney M. King*
COURTNEY M. KING, ESQUIRE
Florida Bar No. 0069389
GINAN A. JOBARAH, ESQUIRE
Florida Bar No. 1020802
**MCDONALD TOOLE RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
MGMvAKL@mtrclegal.com
cking@mtrclegal.com
gjobarah@mtrclegal.com
*Attorneys for Defendants, KRISTOPHER LUNSFORD, AKL & ASSOCIATES, INC. d/b/a AKL TRANSPORT, AKL LOGISTICS and SOUTHERN TRUCK LEASING*