UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE:<br><br>AUTOMATED TRUCKING, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 8:25-bk-03886-CPM |
| AUTOMATED TRUCKING, LLC,<br><br>    Plaintiff,<br>v.<br><br>KRISTOPHER LUNSFORD; AKL & ASSOCIATES, INC. d/b/a AKL TRANSPORT; AKL LOGISTICS; and SOUTHERN TRUCK LEASING<br><br>    Defendants. | ADVERSARY PROCEEDING NO.<br><br>CASE NO. 8:25-ap-00290-CPM |

**MOTION TO SHOW CAUSE AND FOR
SANCTIONS – INJUNCTIVE RELIEF SOUGHT**

If an officer of this Court abuses process and issues unauthorized and unlawful subpoenas, sanctions and immediate injunctive relief are warranted. Here, Debtor's counsel has violated his ethical and professional duties by seeking and obtaining voluminous confidential bank records of non-parties—including accounts of minor children—covertly and without prior notice. Immediate injunctive relief is mandated for these records to be destroyed or, at a minimum, sealed, and Debtor's counsel should be compelled to show cause why sanctions should not follow.

**RELEVANT FACTS AND ARGUMENT**

On August 12, 2025, the Debtor filed an adversary proceeding against Kristopher Lunsford, AKL & Associates, Inc., AKL Transport, and Southern Truck Leasing. Thereafter, notwithstanding that discovery had not (and still has not) begun in that case, the Debtor's counsel

purportedly issued sweeping subpoenas—ostensibly pursuant to Rule 2004—seeking, without limitation, any and all documents relating to bank accounts in the names of all of the adversary defendants, including those held in the name of Mr. Lunsford on behalf of his minor children. (*See* **Ex. A**, Purported Subpoenas.) Notwithstanding that the Debtor was not even formed until January of 2024, (*see* Adversary P., No. 8:25-ap-00290-CPM, Compl. ¶ 12), the Debtor's counsel sought bank records dating back a full four years to June 10, 2021. (*See* Ex. A.) This of itself means that the records sought have no arguable relevance to the core bankruptcy proceeding from which these subpoenas were supposedly issued. Tacitly acknowledging as much, the Debtor's counsel neglected to provide notice of these subpoenas, as he was required to do, *see* Local Rule 2004-1(b); *see also* Fed. R. Civ. P. 45; Fed. R. Bankr. P. 9016, thereby foreclosing any opportunity for objections or the entry of a protective order.

Seemingly under the belief that the undisclosed subpoenas were valid, non-party banks produced to the Debtor's counsel thousands of pages of confidential bank records, the majority of which pre-date the Debtor's very existence. Meanwhile, all of the records that were improperly sought—and, as now confirmed, obtained—are confidential, and production of these records pursuant to faulty subpoenas carries felony penalties for the responding banks, if not Debtor's counsel. *See* Fla. Stat. § 655.059(1) & (1)(c). Nevertheless, as confirmed at the last hearing during which the Debtors' principals were under oath, those individuals have been given carte blanche access to non-party banking records despite never disclosing publicly that they were even sought or affording any opportunity for objection. Worse still, the Debtor's counsel has obstinately refused to disclose what protections, if any, were put in place to ensure that these ill-gotten records have not been disseminated or, alternatively, to whom they have been disclosed.

There is no doubt that these subpoenas were prepared in a clandestine maneuver to obtain unbounded discovery in connection with the adversary proceeding, despite discovery not being open in that matter, and notwithstanding that the requests would have never passed muster had they been properly served in that action:

| | |
|---|---|
| 07/09/2025 | RECEIPT OF AND REVIEW A LIST OF BANKS ASSOCIATED WITH K. LUNDSFORD[sic] AND AKL; PREPARATION OF SUBPOENA DUCES TECUM FOR PRODUCTION TO ALL BANKS ON THE LIST PER AFG'S INSTRUCTIONS. |
| 07/11/2025 | CONTINUED PREPARATION OF SUBPOENAS TO VARIOUS LUNSFORD RELATED BANKS PER AFG'S INSTRUCTIONS. |
| 07/15/2025 | ADDITIONAL REVIEW AND REVISION TO DRAFT ADVERSARY PROCEEDING AND LUNSFORD SUBPOENAS; INSTRUCTIONS TO FORWARD TO CLIENT. |
| 07/23/2025 | FOLLOW UP CONCERNING SUBPOENAS TO BANKS FOR CHRIS[sic] LUNSFORD AND NEED RESPONSE FROM CLIENT. |
| | CONTINUED REVIEW AND REVISION TO ADVERSARY COMPLAINT; INCLUDE ADDITIONAL LEGAL BASIS FOR CLAIM. |
| 07/25/2025 | FINALIZED SUBPOENAS TO LUNSFORD BANKS PER AFG'S INSTRUCTIONS; SERVED ALL SUBPOENAS TO THE VARIOUS BANKS PER AFG'S INSTRUCTIONS. |
| 7/28/2025 | EMAIL TO CLIENT CONCERNING FOLLOW UP MATTERS INCLUDING SERVICE OF 2004 SUBPOENAS ON LUNSFORD, ADVERSARY PROCEEDING AS TO LUNSFORD, TOMORROW'S HEARING AND BANK STIPULATION. |
| 08/25/2025 | RECEIPT OF AND REVIEW RESPONSES OF PRODUCTION OF DOCUMENTS PROVIDED BY BANK OF AMERICAN CONCERNING THE LUNSFORD LITIGATION; FORWARDED SAME TO CLIENTS PER AFG'S INSTRUCTIONS. |

(*See* ECF 74.)

To be sure, there is no legitimate basis for the Debtor to obtain records relating to Movants' bank accounts in the core bankruptcy proceeding at all, much less those that have nothing whatsoever to do with the Debtor, including those that pre-date the Debtor's very existence and accounts held for the benefit of Mr. Lunsford's minor children. Indeed, the Debtor's own bank records should reflect all transfers that relate in any way to the core proceeding. Using the Rule 2004 mechanism as a subterfuge to obtain confidential records outside of formal discovery is an

abuse of process and one that should not be countenanced, especially when carried out in the surreptitious manner that the Debtor's counsel exhibited. *See, e.g.*, *The Fla. Bar v. Berthiaume*, 78 So. 3d 503, 509–10 (Fla. 2011) (suspending bar license of attorney who "abused the subpoena power for her personal investigation into someone's private finances"); *see also NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 3:10-CV-00483, 2011 WL 768066, at *2 (M.D. Fla. Feb. 28, 2011) (granting motion to quash where any marginal relevance of confidential bank records was "outweighed by the sensitive and private nature of these financial records"); *Mogul v. Mogul*, 730 So. 2d 1287, 1290 (Fla. Dist. Ct. App. 1999) (same).

Movants respectfully ask that the Debtor's counsel be ordered to show cause for his actions and further request that this Court enjoin the use and dissemination of all bank records that were improperly obtained, order that all records that were obtained without authorization be immediately destroyed along with any work product referencing or citing same, and compel the Debtor's counsel to provide a complete list of all persons to whom these records have already been unlawfully disclosed.

Respectfully submitted this 6th day of October, 2025.

                                      */s/ Courtney M. King*
                                      COURTNEY M. KING, ESQ.
                                      Florida Bar No. 0069389
                                      McDONALD TOOLE RICHMAN & CORRENTI, P.A.
                                      *Attorneys for Kristopher Lunsford, AKL &*
                                      *Associates, Inc., and Southern Truck Leasing*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IN RE:<br><br>AUTOMATED TRUCKING, LLC,<br><br>    Debtor. | CHAPTER 11<br><br>CASE NO. 8:25-bk-03886-CPM |
| AUTOMATED TRUCKING, LLC,<br><br>    Plaintiff,<br>v.<br><br>KRISTOPHER LUNSFORD; AKL & ASSOCIATES, INC. d/b/a AKL TRANSPORT; AKL LOGISTICS; and SOUTHERN TRUCK LEASING<br><br>    Defendants. | ADVERSARY PROCEEDING NO.<br><br>CASE NO. 8:25-ap-00290-CPM |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO SHOW CAUSE AND FOR SANCTIONS – INJUNCTIVE RELIEF SOUGHT** using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and an accompanying link to the filing to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Alberto F. Gomez, Jr.
Johnson, Pope, Bokor, Ruppel
 & Burns, LLP
400 N. Ashley Drive, Ste. 3100
Tampa, Florida 33602

    This 6th day of October, 2025.

/s/*Courtney M. King*
COURTNEY M. KING, ESQ.
Florida Bar No. 0069389
**MCDONALD TOOLE RICHMAN & CORRENTI, P.A.**
111 N. Magnolia Avenue, Suite 1200
Orlando, FL  32801
Telephone: (407) 246-1800
cking@mtrclegal.com
*Attorneys for Kristopher Lunsford, AKL & Associates, Inc., and Southern Truck Leasing*