ORDERED.

Dated: November 21, 2025

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>Automated Trucking, L.L.C.,<br><br>　　Debtor.<br>_____/ | Case No. 8:25-bk-03886-CPM<br>Chapter 11 |
| Automated Trucking, L.L.C.,<br><br>　　Plaintiff,<br>v.<br><br>Kristopher Lunsford; AKL & Associates, Inc.<br>d/b/a AKL Transport; AKL Logistics; and<br>Southern Truck Leasing<br><br>　　Defendants.<br>_____/ | Adv. No. 8:25-ap-00290 |

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO SHOW
CAUSE AND FOR SANCTIONS – INJUNCTIVE RELIEF SOUGHT**

THIS PROCEEDING came on for hearing on November 13, 2025 the "Amended Motion for Order to Show Cause and for Sanctions – Injunctive Relief Sought" filed by Defendants Kristopher Lunsford, AKL & Associates, Inc., and Southern Truck Leasing (Doc. No. 9) (the "Motion"). After reviewing the pleadings and considering the position of the parties, the Court finds that Debtor's counsel improperly served invalid subpoenas to each of Bank of America,

Chase Bank, Truist Bank, Southern States, and Wells Fargo—ostensibly pursuant to Rule 2004—seeking, without limitation, any and all documents relating to bank accounts in the names of all of the adversary defendants as well as AKL Transport, LLC, including those held in the name of Mr. Lunsford on behalf of his minor children. Even though the Debtor was not formed until January of 2024, the Debtor's counsel sought these bank records dating back a full four years to June 10, 2021. The Court finds that the Debtor's counsel neglected to provide notice of these subpoenas, as he was required to do, *see* Local Rule 2004-1(b); *see also* Fed. R. Civ. P. 45; Fed. R. Bankr. P. 9016. The Court further finds that these purported subpoenas are expressly prohibited by Local Rule 2004-1(a). Because the subpoenas were not authorized and the records were improperly obtained, accordingly it is

**ORDERED**:

1. Within 14 days of this Order, the Debtor's counsel shall return to counsel for Defendants Kristopher Lunsford, AKL & Associates, Inc., and Southern Truck Leasing all copies of any bank records of any of the adversary defendants or AKL Transport obtained pursuant to purported subpoenas, including any copies that may have notes or markings on them and including copies in the Debtor's possession (the "Subject Bank Records");

2. Within 14 days of this Order, the Debtor's counsel shall return to counsel for Defendants Kristopher Lunsford, AKL & Associates, Inc., and Southern Truck Leasing any notes, email communication, or other written memorialization or email communications that summarize, mention, or report the contents of any of Subject Bank Records;

3. Within 14 days of this Order, the Debtor shall file with this Court a sworn affidavit (a) confirming that the Debtor has returned to its counsel all copies of the Subject Bank Records and any notes or other written memorialization or email communications that

summarize, mention, or report the contents of any of Subject Bank Records and (b) either (i) stating that the Debtor has not shared the Subject Bank Records or their contents with any third-party or (ii) identifying each person to whom such information was disclosed; and

   4.  Within three days of compliance with Paragraphs 1 & 2, the Debtor's counsel shall ensure that its IT Department scrubs and deletes any emails that attach or transmit any of the Subject Bank Records or discuss their content and shall file a certificate of compliance with the Court.

Attorney Samantha Mandell is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.