UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AUTOMATED TRUCKING, LLC,

    Debtor.

Chapter 11
Case No. 8:25-bk-03886-CPM

AUTOMATED TRUCKING, LLC

    Plaintiff,

v.

KRISTOPHER LUNSFORD; AKL & ASSOCIATES, INC. d/b/a AKL TRANSPORT; AKL LOGISTICS; and SOUTHERN TRUCK LEASING.

    Defendants.

Adv. Case No. 8:25-ap-00290-CPM

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANTS AKL & ASSOCIATES, INC., SOUTHERN TRUCK LEASING, LLC, AND KRISTOPHER LUNSFORD

Defendants AKL and Associates, Inc.[1], Southern Truck Leasing, LLC, and Kristopher Lunsford[2] (collectively, "Answering Defendants") file their Answer to Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims fail to the extent that they are barred by the doctrine of in pari delicto.

---

[1] Defendant AKL and Associates, Inc. does not and has never done business as AKL Transport. Defendant AKL and Associates, Inc. submits this answer in its own legal name only.

[2] The Answering Defendants have no connection to Defendant AKL Logistics and do not profess to Answer on behalf of that entity.

## SECOND DEFENSE

Plaintiff's claims fail to the extent that Plaintiff failed to join required parties.

## THIRD DEFENSE

Plaintiff's claims fail to the extent that they are barred by estoppel.

## FOURTH DEFENSE

Plaintiff's claims fail due to misjoinder of parties.

## FIFTH DEFENSE

Plaintiff's claims are barred by contract.

## SIXTH DEFENSE

Plaintiff's claims are barred by Plaintiff's bad faith.

## SEVENTH DEFENSE

Plaintiff's claims are barred by Plaintiff's inequitable conduct.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover from Answering Defendants as set forth in the Amended Complaint because Plaintiff did not actually suffer damages as alleged.

## NINTH DEFENSE

Plaintiff's failure to mitigate prevents recovery of some or all of the damages Plaintiff seeks.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's principals received reasonably equivalent value.

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's principals seek an impermissible double recovery.

## TWELFTH DEFENSE

Plaintiff's actual fraudulent transfer claims fail as a matter of law because they fail to meet the heightened pleading standard set forth under Rule 9(b).

## THIRTEENTH DEFENSE

Plaintiff's actual fraudulent transfer claims fail to state cogent claims inasmuch as they fail to allege any transfer made by Plaintiff with fraudulent intent.

## FOURTEENTH DEFENSE

Plaintiff's constructive fraudulent transfer claims fail to state cogent claims inasmuch as they fail to allege any transfer made by Plaintiff for which Plaintiff and/or its principals failed to receive reasonably equivalent value.

## FIFTEENTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff lacks standing to pursue them.

## SIXTEENTH DEFENSE

As discovery has not yet commenced, Answering Defendants incorporate herein by reference all affirmative defenses set forth in Federal Rules of Civil Procedure 8 and 12, and assert that the Amended Complaint should be dismissed on the basis of said defenses as such may become available or appear during the proceedings in this case. Answering Defendants reserve their right to amend this Answer to include any such defense(s).

## SEVENTEENTH DEFENSE

Having raised Answering Defendants' defenses and without waiving same, Answering Defendants respond to the enumerated Paragraphs of Plaintiff's Amended Complaint as follows:

To the extent that any response is due to the unnumbered paragraph immediately following the caption on Plaintiff's Amended Complaint, Answering Defendants admit that Plaintiff alleges claims as set forth in this preliminary paragraph, but denies the substance of those claims and allegations.

1.

Answering Defendants admit the allegations set forth in Paragraph 1 of the Amended Complaint.

2.

Answering Defendants lack sufficient knowledge and information to form a belief regarding the allegations set forth in the first sentence of Paragraph 2 of the Amended Complaint. To the extent that the allegations set forth in the second sentence of Paragraph 2 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required, Answering Defendants lack sufficient knowledge and information to form a belief regarding the allegations set forth in the second sentence of Paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3.

To the extent that the allegations set forth in Paragraph 3 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any allegations set forth in

Paragraph 3 of the Amended Complaint require a response, Answering Defendants admit those allegations.

4.

To the extent that the allegations set forth in Paragraph 4 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any allegations set forth in Paragraph 4 of the Amended Complaint require a response, Answering Defendants lack sufficient knowledge and information to form a belief regarding those allegations.

5.

To the extent that the allegations set forth in Paragraph 5 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any allegations set forth in Paragraph 5 of the Amended Complaint require a response, Answering Defendants lack sufficient knowledge and information to form a belief regarding those allegations.

6.

To the extent that the allegations set forth in Paragraph 6 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any allegations set forth in Paragraph 6 of the Amended Complaint require a response, Answering Defendants admit those allegations.

**PARTIES**

7.

Answering Defendants lack sufficient knowledge and information to form a belief regarding the allegations set forth in Paragraph 7 of the Amended Complaint.

8.

Answering Defendants admit that Kristopher Lunsford is an individual residing in Georgia. Answering Defendants admit that Mr. Lunsford is the principal and controlling owner of Defendants AKL & Associates, Inc. and Southern Truck Leasing, LLC. Answering Defendants deny the remaining allegations set forth in Paragraph 8 of the Amended Complaint.

9.

Answering Defendants admit that Defendant AKL & Associates, Inc. is a Georgia corporation. Answering Defendants deny the remaining allegations set forth in Paragraph 9 of the Amended Complaint.

10.

Answering Defendants lack sufficient knowledge and information to form a belief regarding the allegations set forth in Paragraph 10 of the Amended Complaint.

11.

Answering Defendants admit the allegations set forth in Paragraph 11 of the Amended Complaint.

## GENERAL ALLEGATIONS

12.

Answering Defendants admit that Plaintiff entered into a White Label Agreement with non-party AKL Transport, LLC on or about February 6, 2024. Answering Defendants lack sufficient knowledge and information to form a belief regarding the remaining allegations set forth in Paragraph 12 of the Amended Complaint.

13.

Answering Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14.

Answering Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint.

15.

Answering Defendants deny making the alleged representation and, accordingly, deny the allegations set forth in Paragraph 15 of the Amended Complaint.

16.

Answering Defendants deny making the alleged representation and, accordingly, deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17.

Answering Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

18.

Answering Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19.

Answering Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint.

20.

Answering Defendants deny any "Advances," as defined by Plaintiff, and, accordingly, deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21.

Answering Defendants lack sufficient knowledge and information to form a belief regarding the allegations set forth in Paragraph 21 of the Amended Complaint.

22.

Answering Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

23.

Answering Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint.

24.

Answering Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint.

25.

To the extent that the allegations set forth in Paragraph 25, including all subparts, of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 25, including all subparts, of the Amended Complaint, Answering Defendants deny those allegations.

26.

To the extent that the allegations set forth in Paragraph 26 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 26 of the Amended Complaint, Answering Defendants deny those allegations.

**COUNT I – BREACH OF CONTRACT – (AKL TRANSPORT)**
**(White Label Agreement)**

27.

Answering Defendants incorporate by reference their responses to Paragraphs 1-26 of this Answer as if set forth fully verbatim.

28.

Answering Defendants admit that Plaintiff entered into a White Label Agreement with non-party AKL Transport, LLC. Answering Defendants lack sufficient knowledge and information to form a belief regarding the remaining allegations set forth in Paragraph 28 of the Amended Complaint.

29.

Answering Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.

Answering Defendants deny the allegations set forth in Paragraph 30, including all subparts, of the Amended Complaint.

31.

Answering Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

**COUNT II – UNJUST ENRICHMENT/QUANTUM MERUIT (ALL DEFENDANTS)**

32.

Answering Defendants incorporate by reference their responses to Paragraphs 1-31 of this Answer as if set forth fully verbatim.

33.

To the extent that the allegations set forth in Paragraph 33 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 33 of the Amended Complaint, Answering Defendants deny those allegations.

34.

To the extent that the allegations set forth in Paragraph 34 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 34 of the Amended Complaint, Answering Defendants deny those allegations.

35.

Answering Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.

Answering Defendants deny that $6,561,500.00 was loaned to Answering Defendants and, accordingly, deny the allegations set forth in Paragraph 36 of the Amended Complaint.

37.

Answering Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

38.

To the extent that the allegations set forth in Paragraph 38 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 38 of the Amended Complaint, Answering Defendants deny those allegations.

## **COUNT III – AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS (ALL DEFENDANTS) – (11 U.S.C. § 548 (a)(1)(A))**

39.

Answering Defendants incorporate by reference their responses to Paragraphs 1-38 of this Answer as if set forth fully verbatim.

40.

Answering Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

41.

Answering Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42.

To the extent that the allegations set forth in Paragraph 42 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 42 of the Amended Complaint, Answering Defendants deny those allegations.

43.

Answering Defendants deny the allegations set forth in Paragraph 43, including all subparts, of the Amended Complaint.

44.

To the extent that the allegations set forth in Paragraph 44 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 44 of the Amended Complaint, Answering Defendants deny those allegations.

45.

To the extent that the allegations set forth in Paragraph 45 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 45 of the Amended Complaint, Answering Defendants deny those allegations.

46.

To the extent that the allegations set forth in Paragraph 46 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to

any allegations set forth in Paragraph 46 of the Amended Complaint, Answering Defendants deny those allegations.

### COUNT IV – RECOVERY OF AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550 (ALL DEFENDANTS)

47.

Answering Defendants incorporate by reference their responses to Paragraphs 1-46 of this Answer as if set forth fully verbatim.

48.

To the extent that the allegations set forth in Paragraph 48 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 48 of the Amended Complaint, Answering Defendants deny those allegations.

49.

To the extent that the allegations set forth in Paragraph 49, including all subparts, of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 49, including all subparts, of the Amended Complaint, Answering Defendants deny those allegations.

50.

Answering Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

51.

To the extent that the allegations set forth in Paragraph 51 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to

any allegations set forth in Paragraph 51 of the Amended Complaint, Answering Defendants deny those allegations.

## COUNT V – AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS (ALL DEFENDANTS) – (11 U.S.C. § 548(a)(1)(B)

52.

Answering Defendants incorporate by reference their responses to Paragraphs 1-51 of this Answer as if set forth fully verbatim.

53.

Answering Defendants lack sufficient knowledge and information to form a belief regarding the allegations set forth in Paragraph 53 of the Amended Complaint.

54.

Answering Defendants deny the allegations set forth in Paragraph 54 of the Amended Complaint.

55.

Answering Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

56.

Answering Defendants lack sufficient knowledge and information to form a belief regarding the allegations set forth in Paragraph 56, including all subparts, of the Amended Complaint.

57.

Answering Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint.

57. [sic]

The allegations set forth in Paragraph 57[sic] of the Amended Complaint constitute legal conclusions, no response is required.

59.

To the extent that the allegations set forth in Paragraph 59, including all subparts, of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 59, including all subparts, of the Amended Complaint, Answering Defendants deny those allegations.

## COUNT VI – RECOVERY OF AVOIDABLE TRANSFERS PURSUANT TO 11 U.S.C. § 550 (ALL DEFENDANTS)

60.

Answering Defendants incorporate by reference their responses to Paragraphs 1-59 of this Answer as if set forth fully verbatim.

61.

To the extent that the allegations set forth in Paragraph 61 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 61 of the Amended Complaint, Answering Defendants lack sufficient knowledge and information to form a belief regarding those allegations.

62.

To the extent that the allegations set forth in Paragraph 62, including all subparts, of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 62, including all subparts, of the

Amended Complaint, Answering Defendants lack sufficient knowledge and information to form a belief regarding those allegations.

63.

Answering Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint.

64.

To the extent that the allegations set forth in Paragraph 64 of the Amended Complaint constitute legal conclusions, no response is required. To the extent that any response is required to any allegations set forth in Paragraph 64 of the Amended Complaint, Answering Defendants deny those allegations.

To the extent that any response is required to any allegations in the unnumbered Paragraph following Paragraph 64 of the Amended Complaint under the heading "WHEREFORE," Answering Defendants deny such allegations.

Answering Defendants deny each and every allegation not specifically admitted above.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Answering Defendants respectfully request that this Court dismiss the Amended Complaint and award any further relief that the Court deems proper. Answering Defendants demand a jury trial in accordance with Rule 38(b).

This 3rd day of December, 2025.

                                                    Respectfully submitted,

                                                    /s/ Courtney M. King
                                                    COURTNEY M. KING, ESQ.

Florida Bar No. 0069389
*Attorney for Defendants AKL & Associates, Inc., Southern Truck Leasing, LLC, and Kristopher Lunsford*

McDONALD TOOLE RICHMAN & CORRENTI, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, Florida 32801
Telephone: (407) 246-1800
cking@mtrclegal.com

/s/ Samantha R. Mandell
Samantha R. Mandell
Georgia Bar No. 141689
*Admitted Pro Hac Vice
*Attorney for Defendants AKL & Associates, Inc., Southern Truck Leasing, LLC, and Kristopher Lunsford*

STANTON LAW, LLC
410 Plasters Avenue, NE
Suite 200
Atlanta, Georgia 30324
Telephone: (404) 881-1288
samantha.mandell@stantonlawllc.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AUTOMATED TRUCKING, LLC,

    Debtor.

Chapter 11
Case No. 8:25-bk-03886-CPM

---

AUTOMATED TRUCKING, LLC

    Plaintiff,

v.

KRISTOPHER LUNSFORD; AKL & ASSOCIATES, INC. d/b/a AKL TRANSPORT; AKL LOGISTICS; and SOUTHERN TRUCK LEASING.

    Defendants.

Adv. Case No. 8:25-ap-00290-CPM

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing **Answer of Defendants AKL and Associates, Inc., Southern Truck Leasing, LLC, and Kristopher Lunsford** in this matter by electronically filing the same with the Court via the CM/ECF system to the following counsel of record:

    Alberto F. Gomez, Jr., Esq.
    JOHNSON, POPE, BOKOR, RUPPEL
     & BURNS, LLP
    400 N. Ashley Drive, Ste. 3100
    Tampa, Florida 33602

This 3rd day of December, 2025.

                          /s/ Courtney M. King
                          Courtney M. King